W. J. RUCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

B. J. RUCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3508, 3509.   Promulgated December 27, 1927.

*J. B. Fogarty, Esq., W. P. Bell, Esq.,* and *Herbert E. Smith, C. P. A.,* for the petitioners.

*Granville S. Borden, Esq.,* for the respondent.

OPINION.

MORRIS: All of the issues raised by the petition of W. J. Rucker, Docket No. 3508, and eight of the issues raised by the petition of B. J. Rucker, Docket No. 3509, have been agreed upon and evidenced by written stipulation between the parties set forth herein in the findings of fact and will be settled in accordance therewith.

The sole question remaining for determination is whether the respondent correctly held that the entire distributive share of the income of B. J. Rucker in the partnership of Rucker Brothers was separate property or whether said distributive share was community income under the laws of the State of Washington.

Sections 6890, 6891, and 6892, respectively, of Remington's Compiled Statutes of Washington, 1922, are as follows:

Property and pecuniary rights owned by the husband before marriage, and that acquired by him afterward by gift, bequest, devise or descent, with the rents, issues, and profits thereof, shall not be subject to the debts or contracts of his wife, and he may manage, lease, sell, convey, encumber or devise by will, such property without the wife joining in such management, alienation, or encumbrance, as fully and to the same effect as though he were unmarried.

The property and pecuniary rights of every married woman at the time of her marriage, or afterward acquired by gift, devise, or inheritance, with the rents, issues, and profits thereof, shall not be subject to the debts or contracts of her husband, and she may manage, lease, sell, convey, encumber or devise by will such property, to the same extent and in the same manner that her husband can, property belonging to him.

Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one half thereof.

Thus it will be seen that under the law of the State of Washington governing the question in controversy the " property and pecuniary " rights of the husband and wife are definitely settled and that " property " owned by them at the time of marriage together " with the rents, issues, and profits thereof " shall be their separate property, and that the property not so owned, but acquired subsequently to marriage, with the designated exceptions, is " community property."

The testimony reveals that Rucker was a member of the partnership of Rucker Brothers prior to 1904 and that he continued to be a partner up to and during the period in question; that he was married in December, 1904, and has continuously lived with his wife; that all of his income has been derived from salaries of the partnership and partnership distributions.

In the *Appeal of Julius and Rebecca B. Shafer*, 2 B. T. A. 640, we held that the decisions of the Supreme Court of Washington lay

down the rule that where business income was produced in part by separate property and in part by the efforts of the community, and each of these two factors was substantial, the court will attempt to allocate such earnings, but if it appears that the income is to be attributed primarily to one element, the other element may be disregarded. The Supreme Court of the State of Washington, in the case of *Brown's Estate*, 214 Pac. 10, has summarized some of the more important rules of the courts of that State for determining the status of community or separate property:

1. The presumption is that property acquired during coverture is community property, and the burden is upon the person claiming it to be separate property to establish that as its character.

2. The status of property is to be determined as of the date of acquisition. This rule is equally true with regard to personal property as with real property.

3. If property is once shown to have been separate property, the presumption continues that it is separate until overcome by evidence. Separate property continues to be separate through all its changes and transitions, so long as it can be clearly traced and identified.

4. The rents, issues, and profits of separate property remain separate property and profits resulting from money borrowed on separate credit are separate property.

5. Separate property may lose its identity as such by being consolidated with community property.

The argument of petitioner's counsel that the distributive share of Rucker in the partnership is from services rather than from property is considerably weakened by the fact that he received a salary of $9,000 for the taxable year, which amount it is reasonable to assume, was the value placed upon his services by the partnership. Of course personal services must necessarily play an important part in the conduct of any business, but where the parties have themselves appraised the value of those services, we could not with the meager amount of evidence before us say that his services were worth any greater amount.

Applying the principles announced in the case of *In re Brown's Estate*, *supra*, to the instant facts we are lead to the conclusion that the income is to be attributed primarily to separate property. There is no question that the interest owned by Rucker in the partnership at the time of his marriage was separate property under the above quoted provisions of the Washington statute. The partnership interest being separate property, " the presumption continues that it is separate until overcome by evidence " and it " continues to be separate through all its changes and transitions, so long as it can be clearly traced and identified." There is no doubt that the property in question can be clearly traced and identified.

The evidence introduced affecting that presumption was that the only assets owned by the partnership at the time of Rucker's marriage

consisted of lands and town lots and some shares of Rucker Bank stock, and that such lands and town lots were nonproductive, and were a liability rather than an asset. We are not told anything at all about the value of the bank stock, which for all we know may have been considerable. About 1907 or 1908 the partnership engaged in the sawmill and lumbering business and borrowed the money to establish and carry on that business and continued to borrow money to be used in their operations. In 1917 a large tract of timber was purchased, only $5,000 in cash being paid therefor, the balance of the purchase price being evidenced by promissory notes. These notes were signed by W. J. and B. J. Rucker for and in the name of Rucker Brothers. Other notes were executed by one or both of them for funds borrowed for the use of the partnership. The profits from these transactions resulted from money borrowed on separate credit and are therefore separate property. *In re Brown's Estate, supra.* In the *Appeal of Julius and Rebecca B. Shafer, supra,* in which case the income was derived from the sale of merchandise purchased with the separate property of Shafer or on the credit of the partnership, the services rendered being incidental to the profits, we held:

Upon this basis there can be no presumption that the profits are to be attributed entirely to the services rendered by the community; that presumption has been overcome by the evidence, and if there is now any presumption it would be that this appeal fell within the decision *In re Brown's Estate, supra,* that it was the separate property which was the primary source of the profits.

We are therefore of the opinion that the primary source of the profits in the instant case was Rucker's separate property, and that he is taxable on his distributive share of the partnership income.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*